**Ronald J. RODRIGUES, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 91–0534H.

United States District Court, D. Rhode Island.

Aug. 18, 1992.

---

Charles J. Reilly, Providence, R.I., for plaintiff.

Michael P. Iannotti, U.S. Attorney Office, Providence, R.I., John V. Cardone, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM & ORDER

HAGOPIAN, United States Magistrate Judge.

The instant matter has been referred for the conduct of all proceedings, including trial and entry of judgment with direct appeal to the United States Court of Appeals for the First Circuit. 28 U.S.C. § 636(c). Before the Court is the Plaintiff's claim for a refund of a $3,000.00 penalty, assessed by the Internal Revenue Service under 26 U.S.C. § 6701, plus interest, costs, and attorney's fees. The instant matter came on for trial on July 20, 1992. Having considered the evidence and heard the arguments of counsel, I make findings of fact and conclusions of law as follows:

1. The Plaintiff prepared two tax returns knowing they would be subject to internal revenue laws.

2. The Plaintiff was penalized because he allegedly prepared the returns knowing they would result in an understatement of tax liability.

3. I find that the United States has not shown that the Plaintiff had actual knowledge that the returns he prepared would result in an understatement of tax liability.

4. The Plaintiff is entitled to recover the $3,000.00 penalty imposed, plus interests, as well as reasonable litigation costs.

## I. THE PLAINTIFF'S CLAIM

The Plaintiff, Ronald J. Rodrigues, a certified public accountant, claims to have been unjustly penalized $3,000.00 by the Defendant, the United States of America. Plaintiff Rodrigues seeks a refund of the full $3,000.00 penalty, plus interest, costs, and attorney's fees. The Plaintiff did file refund claims with the Internal Revenue Service (IRS) for the penalties, however, six months elapsed without IRS action, therefore, the instant action was commenced by the Plaintiff.

On November 17, 1986, the District Director of the IRS Center, located in Andover, Massachusetts, penalized Plaintiff Rodrigues $3,000.00 "for aiding and abetting a tax liability understatement" under 26 U.S.C. § 6701, Internal Revenue Code (IRC) § 6701. The District Director imposed a $1,000.00 penalty for a client tax return prepared by the Plaintiff in the 1983 tax year, and a $2,000.00 penalty for two client tax returns prepared by the Plaintiff in the 1984 tax year.

The IRS claims that Plaintiff Rodrigues was penalized for preparing tax returns which knowingly understated tax liability. The Defendant justifies this assertion by noting that Pre-filing Notification Letters (PFN letters) were sent to each client involved. The Defendant claims that these PFN letters unconditionally stated that losses generated by particular tax shelters would not be allowable deductions. The Defendant further alleges that Plaintiff Rodrigues claimed the deductions even though his clients had shown him the PFN letter.

## II. DISCUSSION

*A. Plaintiff Rodrigues' Refund Claim*

The Defendant concedes that Plaintiff Rodrigues is entitled to a full $1,000.00 refund of the penalty imposed as a result of the Plaintiff's preparation of a tax return in 1983. The Defendant makes this

concession because the Plaintiff's client received the PFN letter subsequent to the filing of the 1983 tax return.

Plaintiff Rodrigues still disputes the $2,000.00 penalty imposed under 26 U.S.C. § 6701, as a result of his 1984 preparation of two tax returns. Section 6701(a) imposes a penalty of $1,000.00 on:

> [a]ny person (1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document in connection with any matter arising under the internal revenue laws, (2) who knows that such portion will be used in connection with any material matter arising under the internal revenue laws, and (3) who knows that such portion (if so used) will result in an understatement of the liability of another person, shall pay a penalty with respect to each such document in the amount determined under subsection (b).

The court in *Sansom v. United States*, 703 F.Supp. 1505, 1509 (N.D.Fla.1988), explained the test this way:

> FIRST: That the person aided or advised in the preparation of a tax-related document; SECOND: That the person knew the relevant portion would be used in connection with a material matter relevant to the income tax law; and THIRD: That the person knew use of the relevant portion would result in understatement of tax liability for another person.

Plaintiff Rodrigues prepared the two tax returns knowing that they would be subject to internal revenue laws. The only remaining issue is, therefore, whether or not Plaintiff Rodrigues knew that the tax returns which he prepared would result in an understatement of tax liability.

■ The United States has the burden of establishing by a preponderance of the evidence that Plaintiff Rodrigues knew that the tax returns he prepared would result in an understatement of tax liability. *Mattingly v. United States*, 924 F.2d 785, 787 (8th Cir.1991). "The plain language of the statute ('knows') indicates that actual knowledge is necessary. The government must establish that the tax preparer 'knows' the use of the document will result in understatement of tax liability." *Sansom v. United States*, 703 F.Supp. 1505, 1510 (N.D.Fla.1988).

■ The Defendant does not clearly establish that Plaintiff Rodrigues had a copy of the PFN letters sent to the two clients whose taxes were prepared in 1984. Even assuming, however, that the Defendant established the Plaintiff's knowledge of the PFN letter, the Defendant still does not show that Plaintiff Rodrigues knew that the deductions were not allowed. The language of the PFN letters states that the deductions **may be disallowed.** The government contends that this language unconditionally warned the Plaintiff's clients that their deductions would be disallowed, and that the Plaintiff's clients passed along this information to the Plaintiff. I am unpersuaded that such equivocal language, without more, demonstrates that Plaintiff Rodrigues knew in fact that the tax returns as he prepared them would result in an understatement of tax liability. The ambiguous language of the PFN letter does not justify the imposition of penalties upon Plaintiff Rodrigues.

### B. The Plaintiff's Request for Costs and Attorney's Fees

■ 26 U.S.C. § 7430 states that "reasonable litigation costs" should be awarded to "the prevailing party in a civil proceeding brought against the United States in district court in connection with the refund of any penalty assessed under the IRC." *Sansom*, 703 F.Supp. at 1507, citing 26 U.S.C. § 7430(b). *Sansom* describes "[a] 'prevailing party' within the meaning of Section 7430 ... [as] an individual who: (1) establishes that the position of the government was not substantially justified; (2) substantially prevails with respect to the most significant issue or set of issues presented; and (3) does not have a net worth in excess of $2,000,000 at the time the proceeding was initiated. 26 U.S.C. § 7430(c)(2)." The Plaintiff has demonstrated to the court that his claim for costs satisfies this test. The Plaintiff's request

for reasonable litigation costs is therefore granted.

## III. CONCLUSION

I find that Plaintiff Rodrigues is entitled to a refund of the 3,000.00 penalty, plus interest, imposed upon him by the Defendant. Plaintiff Rodrigues has demonstrated that he is entitled to reasonable litigation costs.

Accordingly, the Plaintiff is entitled to judgment for a refund of $3,000.00, plus interest, as well as reasonable litigation costs against Defendant United States. A judgment order shall enter accordingly.